IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HOWARD DRAPER,**

    Petitioner,

v.                                           Civil No. 1:05cv22
                                              (Judge Broadwater)

**KEVIN JAMES WENDT,**

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On February 2, 2005, *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he asserts that the Federal Bureau of Prisons ["BOP"] improperly calculated his good conduct time ["GCT"]. Because petitioner did not accompany his petition with the required $5.00 filing fee, or file a request to proceed as a pauper, on February 3, 2005, the Court issued a deficiency notice instructing petitioner to either pay the required fee or file the appropriate *in forma pauperis* forms. In the notice, petitioner was advised that the failure to timely comply with the notice could result in the dismissal of his case.

On September 6, 2005, a review of the file showed that petitioner had failed to comply with the deficiency notice, had not filed an extension of time to do so, nor otherwise explained the reasons for noncompliance. Thus, the case was recommended for dismissal without prejudice. On September 15, 2005, petitioner objected to the report and recommendation and paid the filing fee. In light of the payment of the filing fee, on May 25, 2006, the district judge assigned to this case referred this matter back to the undersigned for further evaluation. Accordingly, upon further consideration, I make the following recommendation.

# I. Analysis

Title 18 U.S.C. § 3624(b) delegates to the BOP the authority to award and calculate good time credits. This section provides as follows:

> (b) Credit toward service of sentence for satisfactory behavior.
>
> (1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.
> (3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.
> (4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. § 3624(b) (emphasis added).

The BOP has interpreted the statute as directing the BOP to award inmates 54 days of good time credit for each year served and to prorate the amount of GCT for the last partial year. See 28 C.F.R. § 523.20. The formula used by the BOP to determine good time credits is set forth in the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA.

Since the filing of this case, the Fourth Circuit has found that the GCT statute is ambiguous and that the BOP has "reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time served." Yi v. Federal Bureau of Prisons, 412 F. 3d 526 (4th Cir. 2005). Consequently, the petitioner's claim is now foreclosed by the Fourth Circuit's decision in Yi and petitioner is not entitled to the relief sought.

## II. Recommendation

For the foregoing reasons, it is the opinion of the undersigned that the petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: June 15, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE